ROBERT HENRY GRIFFIN, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Griffin v. Commissioner
Docket No. 16166-79.
United States Tax Court
T.C. Memo 1982-628; 1982 Tax Ct. Memo LEXIS 114; 44 T.C.M. (CCH) 1526; T.C.M. (RIA) 82628; October 27, 1982. William R. McCants, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: This matter is before us on respondent's motion for summary judgment filed on January 4, 1982, based upon an attached request for admissions which had been served on petitioner in open court on October 13, 1981, but to which petitioner had not responded. There was no appearance at the hearing on respondent's motion on behalf of petitioner. In accordance with Rule 90(c), Tax Court Rules of Practice and Procedure, the matters set forth in respondent's *115 request for admissions are deemed admitted. Based on the pleadings and the admissions of petitioner, we find the following facts. Respondent determined a deficiency in petitioner's income tax for the calendaryyear 1978 in the amount of $59,068.70 and additions to tax under section 6651(a)(1) [1] and section 6654, in the amounts of $14,767.18 and $680, respectively. The basis for the determination of deficiency was that petitioner received $130,000 of income from cash he was given in consideration for 1,000 pounds of marijuana. Petitioner did not furnish the marijuana to the individuals who gave him the $130,000, but absconded with that amount of cash. Respondent determined that the $130,000 was income to petitioner and that this was self-employment income, $17,700 of which was subject to self-employment tax at the rate of 8.1 percent. Petitioner resided in Orange Park, Florida, at the time of the filing of his petition in this case. Petitioner did not file a Federal income tax return for the calendar year 1978 within the *116 time prescribed by law, and as of October 13, 1981, had not filed a Federal income tax return for the year 1978. Petitioner's failure to file a Federal income tax return for the calendar year 1978 was not due to reasonable cause. In a transaction which took place during the calendar year 1978, petitioner agreed to sell certain parties 1,000 pounds of marijuana for $130,000. During the transaction petitioner stole $130,000 in currency and did not deliver any marijuana. In entering into the transaction resulting in the theft of $130,000, petitioner acted on his own behalf and was self-employed. Petitioner had no deductible business expenses or nonbusiness itemized deductions for the taxable year 1978, which were not allowed by respondent in the notice of deficiency determining a deficiency in his tax for the year 1978. Petitioner received taxable theft income of $130,000 in 1978. Petitioner failed to pay any estimated tax for the taxable year ending December 31, 1978, although he was liable to do so. The facts deemed admitted by petitioner in this case establish that petitioner had taxable income as determined by respondent in his notice of deficiency and that this income *117 was self-employment income. They also establish that petitioner failed to timely file his Federal income tax return for the calendar year 1978 without reasonable cause and failed to pay estimated tax which he was liable to pay. The facts established in this record sustain respondent's determination of the deficiency in tax and the additions to tax as set forth in the notice of deficiency to petitioner. Accordingly, respondent's motion for summary judgment will be granted. An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise stated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year here in issue.↩